# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

SHEA WATERS, by and through his Guardian )
and Conservator, TERRY L. EDWARDS, )
)
               Plaintiff, )
)
               v. )    No. 10-0269-SSA-CV-W-MJW
)
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
)
             Defendant. )

## ORDER

On March 3, 2011, plaintiff Terry L. Edwards, on behalf of Shea Waters, requested an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Commissioner has responded to the pending motion and states while he does not oppose the award of fees in this case, he does oppose the amount requested. Plaintiff has filed a reply brief in support of his motion for attorney fees.

Plaintiff requests attorney fees for 73.95 expended hours of labor in this case for a total amount of $12,959.74. This includes five hours added for counsel's expenditure of labor in responding to the Commissioner's fee objections. See Commissioner, I.N.S. v. Jean, 496 U.S. 154 (1990) (claimants can be entitled to compensation for the fees and costs associated with defending against the Government's fee challenge).

Under the EAJA, a prevailing party in an action brought against the United States shall be awarded attorney fees unless the position of the United States was "substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(a). The amount of the fee to be awarded is determined on the facts of each case. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). There are twelve factors for the court to consider in making a fee award:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the

client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley at 430. The court is to use these factors to make an evaluation of whether the fees of counsel are reasonable. Compensation for fees determined to not be "reasonably expended" are to be denied. Id. at 434.

Here, the Commissioner challenges that the total charges for attorney labor appear to be excessive. The Commissioner argues that (1) the typical number of hours spent on a Social Security disability case in federal court is 20 to 40 hours; (2) the case was not unusual or difficult; (3) plaintiff's attorney specializes in the area of disability law, thus entitling defendant to expect additional efficiency of counsel; (4) plaintiff's brief was unnecessarily long; and (5) the extraneous research and writing done by counsel was unnecessary and irrelevant to the resolution of the case.

Plaintiff's counsel argues that the fees requested were reasonably expended in providing plaintiff with competent representation. Counsel argues that this case dealt with an unusually large administrative transcript comprised of more than 1800 pages; that eight arguments were presented as basis for error by the ALJ in denying Mr. Waters' disability claim; that a 54-page well-researched brief was submitted by counsel in support of a determination that Mr. Waters is disabled; the issues in the case are, in fact, quite complex, as were the arguments made by counsel; the arguments by counsel were not "boilerplate"; the stakes for Mr. Waters were unusually high because his mental disabilities were thought to potentially result in his living on the streets if he did not prevail; and counsel has achieved favorable results for Mr. Waters, with the Commissioner seeking remand of the case immediately following the filing of plaintiff's brief.

A review of the record in this case shows plaintiff's counsel has submitted a well-documented and detailed explanation of hours expended on this case. This explanation of hours expended in conjunction with the arguments of plaintiff's counsel set forth in his motion for attorney fees and reply in support of such fees, adequately supports that the hours billed by counsel in this case were for labor reasonably expended. Although counsel's hours expended are

beyond those of the typical Social Security disability appeal, and counsel is an experienced Social Security litigator, the unusual circumstances of this case, as set forth in the filings, warrant the additional hours expended by even experienced legal counsel. Moreover, the objections of the Commissioner are primarily generalized arguments that the time expended was excessive, and give the court little guidance for determining what hours were not reasonably expended. The Commissioner did make one specific argument in which he sought for reduction in billed hours based on plaintiff's counsel's extraneous research into Mr. Waters' medical conditions. The Commissioner argued that this research did not relate to an error in the decision of the ALJ and was unnecessary to the appeal of the ALJ's decision. On this issue, the court agrees with plaintiff's reply in support of his request for attorney fees which asserts that it is reasonable for counsel to understand the key features of Mr. Waters' illnesses. Symptoms and limiting effects of Mr. Waters' medical conditions are relevant to disability proceedings, including possible error by the ALJ in making her determination that the he was not disabled. The court notes that Mr. Waters' mental illness in this case is a complex issue, thereby necessitating the need for research beyond that of a more standard case. Additionally, the brief, which incorporated the research conducted by plaintiff's counsel, resulted in the Commissioner seeking reversal and remand of plaintiff's case to the ALJ for proper consideration.

   Therefore, because plaintiff was a prevailing party in this action, and this court finds that the fees requested are reasonable under the circumstances, an award of attorney fees is appropriate. See Carlson v. Astrue, 500 F. Supp. 2d 1174 (S.D. Iowa 2007) (discussing reasonableness of attorney fees for 53.25 hours of attorney work in Social Security appeal); Wirth v. Barnhart, 325 F. Supp. 2d 911 (E.D. Wis. 2004) (although the 61.1 hours expended by counsel was in excess of the average EAJA award in the district, amount of time counsel spent on the case was not excessive under the circumstances). See also Bailey v. Barnhart, 2002 WL 31455983 (N.D. Ill. 2002) (properly documented attorney fees which are reasonably expended are to be granted; the court may not "eyeball" the fee request and cut it down by any arbitrary percentage because it seemed excessive); Palmer v. Barnhart, 227 F. Supp. 2d. 975 (N.D. Ill. 2002) (48.2 hours at district court level not excessive in case that involved "rather voluminous"

administrative record consisting of 459 pages and involved somewhat atypical issues related to RFC).

It is, therefore,

ORDERED that plaintiff's motion of March 3, 2011, for an award of attorney fees and expenses under the EAJA in the amount of $12,959.74, with the check to be made payable to plaintiff's counsel, Burnett & Driskill, is granted. [26]  It is further

ORDERED that such amount is subject to lawful offset for debt Mr. Waters may owe the United States.

Dated this 17th day of May, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge